

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Leo Hart
County Auditor, Upshur County
Gilmer, Texas

Dear Mr. Hart:

Opinion No. 0-6063

Re: Proper procedure to enforce collection of fine and costs due, when judgment is final and convicted defendant at large.

We have received your recent communication and quote from same as follows:

"Upshur County has for a number of years had a policy whereby committments were not issued after conviction for misdemeanors in County Court. In each instance, the Sheriff would permit the defendant to go hence, without payment of the fine and costs assessed against him. In this county, we have a number of fines that have not been paid and with no capias pro fines having been issued thereon. We seek answers to the following questions:

"1. In all criminal cases where convictions have been made final, and no committments or capias pro fines have been issued, what procedure is necessary to force the collection of the amounts due?

"2. In such procedure, what is the duty of the County Judge?

"3. In such procedure, what is the duty of the County Clerk?

"4. In such procedure, what is the duty of the Sheriff?"

Article 785, Code of Criminal Procedure, provides that, when the judgment against a defendant is for a fine and costs, he shall be discharged from the same in one of three ways: first, when the amount of such fine and costs have been fully paid; second, when the same have been remitted by the proper authority, and, third,

when the defendant has remained in custody for the time required by law to satisfy the amount of such judgment.

Article 787, Code of Criminal Procedure, provides that when a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged as provided by law, and, that a certified copy of such judgment shall be sufficient to authorize such imprisonment.

Article 788, Code of Criminal Procedure, provides that when a pecuniary fine has been adjudged against a defendant not present, a capias shall forthwith be issued for his arrest, and, the sheriff shall execute the same by placing the defendant in jail.

Article 783, Code of Criminal Procedure, provides that when the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or, if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs.

Article 791, Code of Criminal Procedure, provides that in such cases an execution may issue for the fine and costs, though a capias was issued for the defendant; and a capias may issue for the defendant though an execution was issued against his property. The execution shall be collected and returned as in civil actions. When the execution has been collected, the defendant shall be at once discharged; and whenever the fine and costs have been legally discharged in any way, the execution shall be returned satisfied.

Article 792, Code of Criminal Procedure, also provides that when a defendant has been committed to jail in default of the fine and costs adjudged against him, the further enforcement of such judgment shall be in accordance with the provisions of the Code of Criminal Procedure.

Judge Davidson of the Court of Criminal Appeals of Texas, in construing certain articles under the old Code, substantially the same as the above, said the following: "The Civil statute with reference to dormant judgments does not apply. It is not necessary to issue the execution. It may be done in addition to the imprisonment under the capias pro fine. The fact that execution may or may not issue does not prevent the incarceration of the party under capias pro fine. The judgment must be paid. This is not a civil, but a criminal, case. The judgment is not a civil debt, although it may be collected by execution, but still the capias pro fine can issue at any time before the judgment is paid." (Emphasis added) Ex parte Cook, 188 S. W. 979.

The facts in the Ex Parte Cook case, supra, were that relator was convicted of a misdemeanor and his punishment assessed at a fine of $3 and costs. He was allowed to go at large for about a year and a half, when he was arrested and placed in jail under a capias pro fine to satisfy the judgment. On a hearing under a writ of habeas corpus he was remanded to custody by the district judge. Relator appealed and the judgment of the district court was affirmed.

The case of Luckey v. State, 14 Tex. 400, holds in part on this subject, as follows: "The imprisonment, authorized by the Statute, is designed to enforce punishment where it is imposed by fine; and it can make no difference, as respects the mode of enforcing the punishment, whether the offense is punishable by fine and imprisonment, or by fine only. The law gives the same means of enforcing the pecuniary penalty in either case. The imprisonment, authorized by the Statute, is an actual imprisonment, within the four walls of the jail; and where the sheriff permits a convict committed to his custody to go at large, he is liable for an escape."

In the case of Ex Parte Wyatt, (Court of Appeals of Texas) 16 S. W. 301, it was said: "* * * whenever a party is committed to jail by order of the court, it means imprisonment in the jail; and no other kind of custody, whether agreed to by the sheriff or not, will answer or discharge such punishment. The sheriff has no right, no matter what his motives, whether of humanity or not, to commute or alter this punishment, and any act of his doing so is a violation of his duty, and absolutely void. * * * The agreement of the sheriff to permit him to go at large being absolutely void, the law for such time will treat him as a prisoner at large, without authority; in other words, as an escaped prisoner."

In Ex Parte Salisbury, (Court of Criminal Appeals) 265 S. W. 696, the following was said on this subject: "* * * None of the officers of the state had the right to affirmatively release the ap-

pellant or waive the state's right to the satisfaction of the judgment of the court. They having no right to do so by affirmative action, it is our opinion that their negligence in performing the duties which the law imposed upon them would not operate to discharge the appellant from the necessity of suffering the penalty imposed upon him by the judgment of conviction. Nor would the appellant's failure to pay the fine or satisfy the judgment deprive the state of the right to enforce it."

Therefore we think it clear that in answer to your question No. 1, either the issuance and execution of a capias pro fine or the issuance and satisfaction of a writ of execution is the proper procedure to pursue under the facts presented by your communication. As pointed out hereinabove both remedies may be pursued and the satisfaction or discharge of either one will satisfy or discharge the other.

We believe our above answer obviates the necessity of answering your questions No.2, No. 3 and No. 4, as you are, no doubt, familiar with the duties of the various county officers in respect to the issuance and execution of capias and writs of execution.

In view of the situation presented by your communication, we feel it our duty to invite your attention to Article 319, Penal Code of Texas, which reads as follows:

"Any officer, jailer, or guard having the legal custody of a person accused or convicted of a misdemeanor who wilfully permits such person to escape or to be rescued shall be fined not exceeding one thousand dollars."

Trusting this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore Jr.

Robert L. Lattimore, Jr.
Assistant

RLL:EP

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN